United States District Court
Southern District of Texas
**ENTERED**
April 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO TORRES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-178 |
| | § | |
| WARDEN FCI-THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMEDATION**

Petitioner is an inmate in the Federal Bureau of Prisons (BOP) and currently is incarcerated at the Federal Correctional Institution in Three Rivers, Texas. He is incarcerated pursuant to a conviction obtained against him in the Southern District of Texas. Proceeding *pro se*, Petitioner filed this 28 U.S.C. § 2241 habeas corpus petition on May 22, 2017 claiming that his constitutional rights were being violated because the BOP would not consider him for placement in a Residential Re-Entry Center (RRC). Respondent filed a motion to dismiss on November 7, 2017 (D.E. 16) to which Petitioner did not respond. As discussed more fully below, it is recommended that Respondent's motion to dismiss be granted and Petitioner's cause of action be dismissed without prejudice for failure to exhaust administrative remedies. In the alternative, it is recommended that Petitioner's habeas corpus application be denied on the merits for failure to state a claim.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because Petitioner is incarcerated in the Southern District of Texas. *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

On May 12, 2014 in the Brownsville Division of the United States District Court for the Southern District of Texas, Petitioner was sentenced to a seventy-month term of incarceration to be followed by a three-year term of supervised release for possession with intent to distribute more than five kilograms of cocaine. His projected good conduct release date is December 27, 2018 (Decl. of Joseph Tang and Att. 1; D.E. 14 at pp. 1-2 and 5-7, filed under seal).

Petitioner does not challenge his conviction or sentence. Rather, he argues that the BOP has failed to timely consider him for placement in an RRC pursuant to the Second Chance Act of 2007. In his motion to dismiss, Respondent alleges that Petitioner has not exhausted his administrative remedies and has otherwise failed to state a claim. Respondent also asserts that the BOP would consider Petitioner for placement within the time limits set out by the statute.

## APPLICABLE LAW

### A. Exhaustion

Respondent argues that Petitioner's cause of action should be dismissed because he failed to follow the three-tier BOP system for pursuing administrative claims set forth at 28 C.F.R. § 542.10, *et. seq*. A § 2241 petitioner "'must first exhaust his administrative

remedies through the Bureau of Prisons.'" *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993)(quoting *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)). Exceptions to the exhaustion requirement apply only in extraordinary circumstances and the petitioner has the burden of demonstrating the futility of administrative review. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(citing *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)).

In order to exhaust administrative remedies, an inmate must first present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate may file a formal written complaint with the warden at the local level. 28 C.F.R. § 542.14. The warden has 20 calendar days in which to respond to the complaint. 28 C.F.R. § 542.18. If dissatisfied with the warden's response, the inmate may appeal within 20 days of the response to the regional director. 28 C.F.R. § 542.15. The regional director has 30 days in which to respond to the appeal. 28 C.F.R. § 542.18. If dissatisfied at the regional level, the inmate has 30 days from the date of the regional director's response to appeal to the general counsel. 28 C.F.R. § 542.15 (a). The general counsel has 40 days to respond to the appeal. 28 C.F.R. § 542.18. The appeal to the general counsel is the final administrative appeal provided by the BOP. 28 C.F.R. § 542.15(a).

Respondent submitted a statement and supporting documentation from a member of the BOP legal department who stated that Petitioner did not pursue administrative remedies with regard to RRC placement (Decl. of Joseph Tang, and Atts. 1 and 3; D.E. 14 at pp. 1-3, 26, filed under seal). Petitioner stated that he believed he had exhausted his

administrative remedies, but that in any event, exhaustion was futile because BOP officials would not consider placement in an RRC for longer than six months, even though the statute directed BOP officials to consider twelve-month placements for inmates. In *Rivkin v. Tamez*, 351 Fed Appx. 876 (5th Cir. 2009)(per curiam), the Fifth Circuit affirmed the district court's rejection of a similar argument by a petitioner who asserted that it would have been futile to file grievances asking to be placed in an RRC to serve the final twelve months of his sentence. The petitioner cited no facts to support his contention that the BOP would categorically deny his appeals and the respondent provided evidence that two out of nine inmates who requested more than 180 days' placement in an RRC had been granted the additional time. *Id.* at 877.

In this case a review of the documents submitted by Respondent shows that Petitioner did not exhaust his administrative remedies and, like the petitioner in *Rivkin*, his explanation that exhaustion would have been futile is conclusory and not supported by evidence. Accordingly, it is recommended that his case be dismissed for failure to exhaust.

**B. Merits**

The Second Chance Act amended the statutory provisions authorizing the BOP to determine an inmate's eligibility for placement in an RRC or halfway house. *See* Second Chance Act of 2007, Pub.L.No. 110-199, § 251(a), 122 Stat. 657, 692-93 (April 9, 2008). In pertinent part, the statue provides the following:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner

> a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624 (c)(1). Prior to enactment of the Second Chance Act, release to a halfway house was governed by BOP Program Statement No. 7310.04 (Decl. of Albert Thomas at ¶ 7 and Att. 1; D.E. 15 at pp. 2 and 6-25, filed under seal). The program statement provided that an inmate could be referred to a halfway house for up to 180 days, "with placement beyond 180 days highly unusual, and only possible with extraordinary justification." (Thomas Decl. at ¶ 8 and Att. 1 at p. 8; D.E. 15 at pp. 2, 14).

Petitioner argues that the BOP refuses to consider any inmate for placement in an RRC for more than 180 days, in violation of the Second Chance Act. This is a conclusory argument for which Petitioner did not provide any support. However, even if true, it is well settled that prisoners have no constitutional right to be housed in a particular location. "[T]he decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002)(quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). The BOP, through delegation by the Attorney General, has exclusive authority to designate the place of an inmate's confinement. 18 U.S.C. § 1326(b); *Moore v. United States Att'y Gen.*, 473F.2d 1375, 1376 (5th Cir. 1973). *See also Logan v. Willis*, No. EP-18-CV-12-KC, 2018 WL 703430 at *3 (W.D. Tex. 2018)(BOP has exclusive authority to decide if and when to assign an inmate to an RRC) and *Sukup v. Martin*, No. 1:10-CV-190, 2012 WL 928424 at *3 (E.D. Tex. 2012)(nothing in the Second Chance Act entitles a prisoner to any guaranteed placement in an RRC).

Petitioner does not have a constitutional right to be housed in a particular facility. Therefore, he cannot make out a claim for habeas corpus relief based on the failure of the BOP to place him in an RRC for twelve months prior to his release from prison. Accordingly, judgment should be entered for Respondent on this issue.[1]

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 16) be GRANTED and Petitioner's application for habeas corpus relief be DISMISSED without prejudice as unexhausted, or, in the alternative, DENIED for failure to state a claim.

Respectfully submitted this 17th day of April, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

1 It is noted that in his motion to dismiss, Respondent asserted that the BOP would properly exercise its discretion under the Second Chance Act and would consider placing Petitioner in an RRC for as long as twelve months (D.E. 16 at pp. 17-18; Thomas Decl. at ¶ 21; D.E. 15 at p. 4). Petitioner did not respond to the motion to dismiss and it is unknown whether Petitioner was considered for the placement.

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).